**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**TERRY L. CRAFT, #L4910**                                                          **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 4:06cv120TSL-JCS**

**DALE CASKEY, Warden**                                                              **DEFENDANT**

**OPINION and ORDER**

This cause is before the court, sua sponte, for consideration of dismissal. The plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the East Mississippi Correctional Facility, Meridian, Mississippi, filed this pro se conditions of confinement complaint pursuant to 42 U.S.C. § 1983. The plaintiff was granted in forma pauperis (IFP) status on September 29, 2006. Upon liberal review of the plaintiff's complaint and the entire court record in this action, the court finds that the plaintiff has failed to exhaust his available administrative remedies. Therefore, this case will be dismissed without prejudice.

Background

On September 12, 2006, the plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 and failed to submit a copy of his third step response and certificate of completion from the Administrator of the MDOC Administrative Remedy Program.[1] An order to show cause was

---

[1] The Administrative Remedy Program within the Mississippi Department of Corrections (MDOC) is a three step process. Inmates initially submit their grievance to the division head or adjudicator in writing, within thirty days after an incident has occurred. Inmates receive a step one response from the appropriate official, which they may appeal to the Superintendent or Warden of the institution, who will issue a step two response. If still aggrieved, the inmate may appeal to the Commissioner of MDOC, where a step three response is issued. At this time the Administrator of the program will issue the inmate a certificate stating that he has completed the exhaustion of his administrative remedies. Mississippi Department of Corrections Inmate Handbook (Rev.1999), Chapter VII, pg. 39-42.

filed on September 29, 2006, directing the plaintiff to show cause why this case should not be dismissed for his failure to exhaust his administrative remedies and the plaintiff was directed to file a certificate of completion and third step response from the Administrator of the MDOC Administrative Remedy Program.  The plaintiff filed his response [doc. 8] to this order to show cause on October 6, 2006, failing to provide the required documentation, thus, failing to demonstrate the exhaustion of his claims.

## Analysis

The controlling statute, 42 U.S.C. § 1997e of the Prison Litigation Reform Act (PLRA), provides in clear language that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Section 1997e conclusively requires a state prisoner to exhaust available administrative remedies before filing a section 1983 suit and precludes him from filing suit while the administrative complaint is pending.  Wendall v. Asher, 162 F.3d 887, 890 (5th Cir.1998); see also Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir.1998)("By choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled - -that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures.").  A prisoner is required to pursue his available administrative remedies to conclusion.  Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir.2001).

The United States Supreme Court has held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); see also Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The exhaustion requirement is "mandatory, 'irrespective of the forms of relief sought and offered through administrative avenues.' " Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (quoting Booth v. Churner, 532 U.S. 731, 741 n.6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)).

## Conclusion

Plaintiff has failed to provide a certificate of completion and/or third step response from the Mississippi Department of Corrections Administrative Remedy Program. The Court finds that plaintiff has failed to complete the exhaustion of his administrative remedies prior to filing this suit. As such, this case will be dismissed, without prejudice. See Wright v. Hollingsworth, 260 F.3d 357, 359 (5th Cir.2001).

A final judgment in accordance with this opinion and order will be entered.

This the 27th day of October, 2006.

/S/ TOM S. LEE
UNITED STATES DISTRICT JUDGE